IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

LAWRENCE JORDAN,            )
                            )
    Petitioner,             )
v.                          )   Criminal No. 1:09-CR-409
                            )   Civil Action No. 1:13-CV-123
UNITED STATES OF AMERICA,   )
                            )
    Respondent.             )
                            )

**MEMORANDUM OPINION**

This case is before the Court on Lawrence Jordan's ("Petitioner") Motion to Vacate, Set Aside or Correct His Sentence pursuant to Title 28, U.S.C. Section 2255. The Petitioner alleges in his Motion that he received ineffective assistance of counsel, but because the Motion was filed more than a year after his Judgment of Conviction became final, the Motion is untimely.

On September 9, 2009, the Petitioner was indicted for one count of a violation of 18 U.S.C. § 922(g)(1), Felon in Possession of a Firearm. On March 8, 2010, he was found guilty of this offense following a jury trial. On May 28, 2010, he was sentenced to ninety-six (96) months incarceration, and three (3) years' supervised release. On May 5, 2011, the Fourth Circuit affirmed the Petitioner's conviction. The Judgment took effect

1

on May 25, 2011 when the Fourth Circuit issued a Formal Mandate pursuant to Rule 41(a) of the Federal Rules of Appellate Procedure. On January 29, 2013, the Petitioner filed the instant Motion pursuant to 28 U.S.C. § 2255.

The Petitioner states six grounds in support of his Motion: (1) the Court erred in failing to hold a hearing on the Petitioner's request for new counsel; (2) the Petitioner's conviction was obtained by "action of grand or petit jury which was unconstitutionally selected;" (3) ineffective assistance of counsel due to counsel's failure to "adhere to a motion for new counsel after client's request;" (4) ineffective assistance of counsel for failure to motion for mistrial after "plain error or jury selection was denied;" (5) ineffective assistance of counsel for failure to ask for second mental examination; (6) conviction was obtained through evidence discovered pursuant to an unconstitutional search and seizure.

There is a one-year limitation period for filing a petition under 28 U.S.C. § 2255. See 28 U.S.C. § 2255(f). Normally, the limitation period begins to run from the date on which the conviction becomes final. See 28 U.S.C. § 2255(f)(1). A conviction becomes final when the last appeal is taken, or the time to file such an appeal (including a writ of certiorari) expires. See Griffith v. Kentucky, 479 U.S. 314, 321 n.6 (1987). A defendant has 90 days to file a petition for a writ of

2

certiorari seeking review of a judgment by a United States court of appeals. See Sup. Ct. R. 13.1.

The Judgment in this case was entered on May 28, 2010. The Fourth Circuit affirmed the Judgment on May 5, 2011 and its Judgment took effect on May 25, 2011. The Petitioner did not appeal the Judgment of the Fourth Circuit, so his conviction became final 90 days later, on August 25, 2011, when the time to file a petition for a writ of certiorari to the U.S. Supreme Court expired. Thus, under § 2255, the Petitioner had one year—until August 25, 2012—to file his Motion. This time limitation is a statutory bar and will not be extended for any reason. Thus, if the Petitioner wished to file a motion more than a year after the Judgment of his Conviction became final, his only recourse is to claim that his case falls under one of the three exceptions in 28 U.S.C. § 2255(f).

The Petitioner acknowledges that his Motion is untimely, but he appears to assert that he is entitled to have his Motion considered because he has newly discovered evidence, potentially enabling him to file under the exception at (f)(4), "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." The Petitioner's claim, which purports to entitle him to this exception, is that "the meticulous constitutional violation is conviction obtained by petition or a grand or petit jury wich

3

[sic] was unconstitutionally selected and empaneled." However, this directly contradicts his Petition at page 4, 12(B) Ground two, wherein the Petitioner chronicles the issues he had with the jury during his trial, which resulted in a recess to speak with the judge about his concerns. This issue appears to have been addressed and resolved during trial and therefore is not newly discovered evidence that would warrant excusing the Petitioner's failure to file a timely motion.

The Petitioner further asserts that during his filing dates, he was "transferred from prison to prison" without any of his "law work." However, the circumstances of the Petitioner's incarceration do not constitute a governmental action that impeded him from making a timely motion, so his claims do not fall under the second exception at § 2255(f)(2). By his own admission, he has been at the same facility in Lewisburg, Pennsylvania from August 3, 2011 to present, which includes the entire period in which he needed to file his Motion under § 2255.

The Petitioner does not claim excuse to file under the third exception at § 2255(f)(3), nor does he present arguments which would excuse his late filing under this provision. This exception applies to (1) a newly-recognized right by the Supreme Court that (2) is made retroactively applicable to cases on collateral review.

4

Because the § 2255(f) exceptions do not apply, the Petitioner's Motion was untimely and must be dismissed.

An appropriate Order shall issue.

/s/
Claude M. Hilton
United States District Judge

Alexandria, Virginia
June ~~10~~ /19/, 2013